UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-701-RJC
(3:07-cr-59-RJC)

| | | |
|---|---|---|
| **GORDON LEE MILLER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, or Alternatively, for Relief under 28 U.S.C. § 2241, Writ of Coram Nobis, Writ of Audita Querela (Doc. No. 3), and the Government's Response in Support, (Doc. No. 4). For the reasons that follow, Petitioner's claim for relief will be denied, and the § 2255 motion will be dismissed. Petitioner's alternative petition under 28 U.S.C. § 2241, and his petitions for writs of error *coram nobis* and *audita querela* will be denied.

I. BACKGROUND

On February 5, 2008, a jury found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:07cr59, Doc. No. 22: Verdict). On October 2, 2008, this Court sentenced Petitioner to seventy-two months' imprisonment followed by three years' supervised release. (Id., Doc. No. 40: Judgment). Petitioner was released from custody on or about January 4, 2013.[1] Petitioner never appealed his conviction, but rather filed the instant Motion to Vacate with the assistance of counsel on October 23, 2012. (Doc. No. 3).

---
[1] See Federal Bureau of Prisons, Inmate Locator
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=21187-058&x=95&y=13 (Feb. 13, 2013).

1

II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  DISCUSSION

  A.  Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's criminal judgment became final for purposes of the statute of limitations on or about October 13, 2008, when the time period for filing a direct appeal expired.

Fed. R. App. P. 4(b)(1)(A)(i)(2008); Clay v. United States, 537 U.S. 522, 527 (2003). As noted above, the instant motion was not filed until October 23, 2012, over two years after the judgment became final. Additionally, as detailed below, no right has been newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief. Therefore, the motion is untimely.

However, the Government's response notes "the Department of Justice has decided that, in this category of cases, in the interests of justice, it will waive reliance on the statute-of-limitations defense." (Doc. No. 4: Response at 4). The Government asserts that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner has no predicate conviction for an offense punishable by more than one year in prison.[2] Therefore, the Government requests that the Court vacate the conviction for being a felon in possession of a firearm. (Doc. No. 4: Response at 1).

Although Petitioner has been released from custody, he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina

---

[2] The most serious underlying felony for which Petitioner was convicted carried with it a maximum of eight months' imprisonment. (Doc. No. 2-1: Presentence Report at 7, 9; Doc. No. 3: Exhibits 1, 2).

conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Although the Government's Response was filed months after Powell, it does not address that decision's limitation on the reach of Simmons. Petitioner contends that the holding in Powell "did not address the effect of Simmons." (Doc. No. 3: Motion at 9). However, the Fourth Circuit has recently ruled to the contrary. In United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012)(unpublished), the court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States v. Brown, No. 12-7713, 2012 WL

4

6604898, at *1 (4th Cir. Dec. 12, 2012)(unpublished) (rejecting claim that prior state conviction no longer qualified as a felony because Simmons is not retroactively applicable to cases on collateral review).

The Fourth Circuit has recently and repeatedly said Simmons is not retroactive. This inferior Court cannot say that it is. Petitioner is not eligible for relief under § 2255.

      B.      Relief under 28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. Petitioner has presented his claim in his § 2255 motion and is not entitled to relief on the merits. However, that does not render his § 2255 proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is not entitled to relief under § 2241 because he has had the opportunity to test the legality of his sentence under § 2255.

      C.      Writ of Coram Nobis

Relief under a theory of *coram nobis* was traditionally available only to raise factual errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S. 416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit

found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

Petitioner was lawfully sentenced under then-existing law, and subsequent decisions in Carachuri and Simmons have not been made retroactive. Therefore, Petitioner is not entitled to *coram nobis* relief because no retroactive change in the law has rendered the prior proceedings invalid, and he has had the opportunity to seek a remedy under § 2255.

      D.      Writ of Audita Querela

Finally, the writ of *audita querela* is unavailable to a petitioner who may otherwise challenge his conviction or sentence by way of a § 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255)). In that case, the petitioner had an opportunity to challenge his conviction under § 2255 and was seeking to file an unauthorized successive petition. Here also, Petitioner has had the opportunity to raise his claim under § 2255, foreclosing the possibility of relief under a writ of *audita querela*.

IV.      CONCLUSION

      **IT IS, THEREFORE, ORDERED** that:

      1.      Petitioner's § 2255 motion, (Doc. No. 3), is **DISMISSED**;

2. Petitioner's alternative petition for relief pursuant to § 2241 is **DENIED**; and

3. Petitioner's alternative petitions for writs of *coram nobis* or *audita querela* are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court **ISSUES** a certificate of appealability as reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See United States v. Powell, 691 F.3d 554, 560, 564 (4th Cir. 2012) (King, J., dissenting in part) (strongly disagreeing with majority's analysis finding Carachuri to announce a procedural rule in all cases); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003)(defining standard for issuing certificate of appealability).

Signed: February 15, 2013

Robert J. Conrad, Jr.
Chief United States District Judge